IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| JERRY ELLIS AND KEVEN ELLIS, | Civil Action No.: 2:18-cv-3588-DCN |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| TALL SHIPS CHARLESTON, LLC, AMERICAN SAIL TRAINING ASSOCIATION DOING BUSINESS AS TALL SHIPS AMERICAN, AND THE ARGENTINE REPUBLIC, | |
| Defendants. | |

**COMES NOW**, Jerry Ellis and Keven Ellis, Plaintiffs, in the above-captioned action, and complaining of Defendants shows this Honorable Court as follows:

**SUBJECT MATTER JURISDICTION**

1.      Plaintiffs invoke the subject matter jurisdiction of this Honorable Court under 28 U.S.C. §1333 (Admiralty) and Rule 9(h) of the Federal Rules of Civil Procedure.

**APPLICABLE LAW**

2.      This action arises and is governed by the General Maritime Law of the United States and is supplemented by the laws of the State of South Carolina.

**PARTIES**

3.      At all material times, Jerry Ellis ("Jerry") is an individual of the full age of majority, married to Keven Ellis and a resident of Summerville, South Carolina.

1

4. At all material times, Keven Ellis ("Keven") is an individual of the full age of majority, married to Jerry Ellis and a resident of Summerville, South Carolina.

5. Upon information and belief, American Sailing Training Association doing business as Tall Ships America ("Tall Ships America") was and is a Rhode Island corporation doing business in North Charleston, South Carolina and one of the organizers and sponsors of the 2017 Tall Ships Charleston festival that took place in North Charleston, South Carolina during May 2017.

6. Upon information and belief, Tall Ships Charleston, LLC ("Tall Ships Charleston") was and is a South Carolina limited liability company doing business in North Charleston, South Carolina and the organizer and sponsor of the 2017 Tall Ships Charleston festival that took place in North Charleston, South Carolina during May 2017.

7. Upon information and belief, the Argentine Republic was the owner and operator of FRAGATA (ARA) LIBERTAD, an Argentinian vessel ("Vessel").

**FACTS**

8. Tall Ships America organizes and sponsors a series of tall ship festivals in the United States where tall sailing vessels attend the festivals and members of the public, who pay the festival a fee, are permitted to board the vessels and view the vessels.

9. Upon information and belief, Tall Ships America entered into an agreement with the Argentine Republic for FRAGATA (ARA) LIBERTAD for commercial reasons to participate in the tall ships festivals sponsored and operated by Tall Ship America across the United States during 2017.

2

10. Upon information and belief, Tall Ships America and Tall Ships Charleston entered into an agreement where Tall Ships America and Tall Ships Charleston would sponsor and operate a tall ships festival in North Charleston, South Carolina during May 2017.

11. During May 2017, the Charleston Tall Ships festival occurred with FRAGATA (ARA) LIBERTAD participating in the festival.

12. In order to board and tour FRAGATA (ARA) LIBERTAD, patrons of the festival were required to purchase tickets.

13. Tall Ships America and Tall Ships Charleston had representatives located on the pier next to the tall ships to make sure that patrons had purchased tickets to board and tour the vessels and onboard the tall ships, including FRAGATA (ARA) LIBERTAD.

14. On May 21, 2017, Jerry and Keven purchased tickets to participate in the Charleston Tall Ships festival, including the right to board and tour the tall ships at the festival.

15. As an invitee, Jerry boarded FRAGATA (ARA) LIBERTAD to tour the vessel.

16. To disembark from FRAGATA (ARA) LIBERTAD, Jerry was instructed to step up onto and walk across a painted metal bitt secured to the vessel's deck.

17. A bitt is not designed for people to walk across or otherwise use as a step, as it is a post on the deck of a ship for fastening mooring lines or cables.

18. While stepping onto the bitt, Jerry slipped and fell, badly injuring his right leg that has resulted in Jerry undergoing regular medical treatment for over a year, major scarring and other injuries.

19. As a result of his injuries, Jerry had to undergo medical treatment and has experienced and will continue to experience pain.

20. The incident in question was not caused by any fault or neglect on the part of Jerry or Keven.

21. The incident in question has negatively impacted the marital relationship of Jerry and Keven.

### FIRST CLAIM OF RELIEF
### (NEGLIGENCE)

22. Plaintiffs refer to and incorporate herein by this reference each and every allegation of paragraphs 1 through 21 as though fully set forth at length.

23. Jerry's injuries and damages that resulted therefrom, were in no way caused or contributed to by any fault or neglect of him but rather, said damages and losses were caused by the fault and negligence of defendants in one (1) or more of the following particulars, among others, all of which will be more fully shown at the trial of this matter:

    a. In failing to provide a safe manner to disembark from the vessel in question;

    b. In failing to prevent the use of an unsafe manner to disembark from the vessel in question;

    c. In failing to prevent Jerry's injuries;

    d. In allowing and directing patrons to disembark from the vessel in question in a careless manner;

    e. In failing to use due care to protect him;

    f. In failing to have proper and safe way to disembark from the vessel in question;

    g. In failing to take any or proper steps to avoid Jerry from being injured;

h. In failing to warn Jerry about the danger of the unsafe method to disembark from the vessel in question;

i. Inviting the public to participate in an unsafe event;

j. In failing to use a degree of care and caution that a reasonable and prudent person would have used under the circumstances, then prevailing, which was in violation of the statutory common laws of the state of South Carolina and the general maritime law of the United States of America, all of which directly and proximately caused him to suffer serious injuries causing pecuniary loss, mental suffering, loss of enjoyment of life, loss of services, and causing her to be otherwise damaged and injured;

k. In failing to act as a reasonable and prudent vessel owner and/or festival operator would have acted, under the same or similar circumstances;

l. In not having proper procedures in place to make sure Jerry could disembark from the vessel in safe manner;

m. In not have proper procedures in place to make sure that any operating rules or guidelines were being followed at all times; and

n. In other aspects to be proved at trial.

24. As a direct result of the accident, Jerry has sustained and will continue to sustain injuries to his leg and remains under the care and treatment of his physicians, which all will be shown more fully at the trial of this matter.

25. That as a result of Jerry's injuries, he has suffered damages and is entitled to an award of actual damages to be determined by this Court, plus punitive damages, pre-judgment interest from the date of this casualty, and the cost of this action.

## SECOND CLAIM OF RELIEF
## (LOSS OF CONSORTIUM)

26. Plaintiffs refer to and incorporate herein by this reference each and every allegation of paragraphs 1 through 21 as though fully set forth at length.

27. As a result of Defendants' negligence, breach of duties, willfulness, wantonness and carelessness in causing serious personal injuries to Jerry, Keven has been deprived of the care, comfort, services, and consortium of her husband and has been caused to suffer emotional distress.

28. That as a result of Plaintiffs' damages, no part of which have been paid by Defendants, Plaintiffs are entitled to an award of actual damages to be determined by this Court, pre-judgment interest from the date of this casualty, and the cost of this action.

**WHEREFORE**, based on the foregoing, Plaintiffs pray:

a. That their Claims be deemed good and sufficient;

b. That process and due form of law, according to the practice of this Honorable Court, issue against Defendants, citing them to appear and answer under oath, all and singular the allegations of aforesaid;

c. That Plaintiffs may have judgment in their favor, as Plaintiffs, against Defendants for all legal and allowable damages arising out of Jerry's serious injuries and resulting loss of consortium, plus pre-judgment interest, and costs of this action;

d. That all expert fees be taxed as costs; and

6

  e.  That this Honorable Court grant Plaintiffs such and other and further relief, general and equitable that the justice in this cause may require, and to which they may otherwise be entitled.

          BLUESTEIN LAW FIRM, P.A.

          By: s / S. Scott Bluestein
          S. Scott Bluestein / Federal Id No. 6891
          1040 eWall Street
          Mount Pleasant, SC 29464
          Post Office Box 22253
          Charleston, SC 29413-2253
          Telephone:  843-577-3092
          Facsimile:  843-577-3093
          Email: scott@boatinglaw.us

             AND

          THE STEINBERG LAW FIRM
          Malcolm M. Crosland, Jr. /Federal ID No.  4180
          61 Broad Street
          Charleston, SC 29402
          (843) 720-2800 (telephone)
          Email: mcrosland@steinberglawfirm.com

          ATTORNEYS FOR PLAINTIFFS

December 27, 2018
Mount Pleasant, South Carolina